The State v. Plowman.

THE STATE OF KANSAS v. GEORGE A. PLOWMAN.

1. ANOTHER INFORMATION, *May be Filed.* In a criminal prosecution upon information, the county attorney may file another information whenever the original information has been lost or destroyed. (Cr. Code, § 118.) And this may be done in all cases where the original information has been duly and legally filed, and has afterward been lost or destroyed, although no preliminary examination may have been had in the case, and although no copy of the original information may have been preserved.

2. CONTINUANCE, *No Error in Denying.* In a criminal prosecution, where the defendant has made a motion for a continuance on account of the absence of testimony, and filed an affidavit stating what the absent testimony is, and the county attorney agrees that the testimony of the witnesses may be introduced in evidence on the trial; and the trial is then commenced, and the defendant has these absent witnesses subpenaed, and claims that they will be present at some time during the day of the trial, but they do not appear during the trial, and the court compels the defendant to close his evidence without the oral testimony of these absent witnesses; and it further appears that this testimony is incompetent in the case: *Held,* That the court did not commit any error in compelling the defendant to close his evidence without the oral testimony of said witnesses.

3. ——— *Held*, Under the circumstances of this case, that the information, although inartistically drawn, is sufficient.

4. JURISDICTION, *Not Lost.* Where an application is made by the defendant in a criminal prosecution for a continuance, on the ground of the absence of material testimony which he has been unable to procure, and the court at first sustains the application, and the county attorney then agrees to permit the testimony to be introduced in evidence, and the court then overrules the application, *held,* that the court did not, by first sustaining the application, lose all jurisdiction of the case for the term, and thereby render all further proceedings had in the case at that term void.

5. JUDGMENT, *Not Erroneous.* After a verdict of "guilty" has been rendered in a criminal prosecution, the court, without making any additional finding, or any finding of its own in the case, renders a judgment upon the verdict, sentencing the defendant, *held,* not erroneous.

### Appeal from Norton District Court.

AT the March Term, 1882, of the district court, *George A. Plowman* was found guilty of robbery in the first degree, and sentenced to imprisonment in the penitentiary for the term of ten years, from which sentence he appeals. The opinion states the facts.

*Louis K. Pratt,* for appellant.

*L. H. Thompson,* county attorney, *J. R. Hamilton,* and *W. A. Johnston,* attorney general, for The State.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution on information, for robbery in the first degree. The defendant was found guilty, and sentenced to imprisonment in the penitentiary for the term of ten years, from which sentence he now appeals to this court.

The defendant in this case assigns the following grounds of alleged error, to wit:

"1. The court below erred in permitting the county attorney to file a substituted information on March 27, 1882, for the original lost information, and in forcing defendant to go to trial on such substituted information, over his objections, and exceptions.

"2. The court below erred in compelling defendant to close his evidence without the testimony of the witnesses W. H. Hart and G. C. Reeves, over his objections and exceptions.

"3. The court below erred in giving its first instruction to the jury, and in refusing special instruction No. 2, asked by defendant.

"4. The court below erred in overruling the defendant's motions in arrest of judgment and for a new trial.

"5. The court below erred in proceeding with the trial at the March term, 1882, of this court, after continuing the case, and in failing to render formal judgment against defendant."

I. We do not think that the court below erred in permitting the county attorney to file a substituted information for the original information, which was lost or destroyed. Such a practice is specifically authorized by § 118 of the criminal code, which reads as follows:

"Sec. 118. In case of the loss or destruction of an information, the prosecuting attorney may file in court another information, and the prosecution shall proceed, and the trial be had, without any delay from that cause."

Nor can the fact that no preliminary examination was had in the present case make any difference, for the defendant was a fugitive from justice, and the information was filed against him in accordance with § 69 of the criminal code without such preliminary examination having first been had. We think that § 118 of the criminal code will apply to this case, and will apply to all other cases where the original information has been duly and legally filed and has afterward been lost or destroyed, whether any preliminary examination has been had in the case, or not, and whether any copy of the original information has been preserved, or not.

II. We do not think that the court below erred in compelling the defendant to close his evidence, without the testimony of the witnesses W. H. Hart and G. C. Reeves; and for two reasons: First, the evidence, as appears from the record, was incompetent, and, second, the county attorney admitted it. The question arose in the following manner: When the case was called for trial the defendant asked for a

continuance, in order to obtain the testimony of these two witnesses, which testimony he embodied in an affidavit; and the county attorney thereupon agreed to admit their testimony as embodied in the affidavit, and the trial was then proceeded with in the absence of these witnesses.   The testimony of these witnesses was in substance, that Mrs. McGowen, the party injured, and her little son, aged about ten years, did not inform certain persons of the fact of the robbery until about three or four days after the robbery had been committed, and that the robbery was not known at the county seat of the county in which the robbery had been committed, until about three days afterward.   Reeves's testimony was that he and Mrs. McGowen lived about one mile apart, and that she did not communicate the facts of the robbery to his (Reeves's) wife until about four days after the robbery had occurred. It is not shown how Reeves knew that Mrs. McGowen did not communicate these facts to his wife; nor is it shown how Hart knew that neither Mrs. McGowen nor her son communicated the facts of the robbery to certain other persons. The defendant had these witnesses subpenaed, and claimed that they would be present in the court room at some time during the day of the trial.   They did not appear, however, during the trial.

III. By the third assignment of error, the defendant intends to raise the question of the sufficiency of the information.   It is true that the information is not very artistically drawn; but we think it is sufficient.   The principal objection urged against it is, that it does not state what the thing or article of property was of which the injured party was robbed. We think it does.   We think it sufficiently states that she was robbed of a sum of money, consisting of bank bills and United States treasury notes, of the aggregate value of $34.

IV. The questions attempted to be raised by the fourth assignment of error are included in the questions attempted to be raised by the third and fifth assignments of error.   As a part of the fourth and as a part of the fifth assignments of error, it is claimed that this action was not triable at the

March term of the court, 1882 — the time when it was tried — and this claim is made upon the following facts; When the case was called for trial, the defendant made a motion for a continuance on account of the absence of testimony, and supported his motion by affidavits stating what the testimony would be, and the court below sustained the motion. The county attorney, however, immediately afterward consented that the testimony as set forth in the defendant's affidavits might be read to the jury, and the court then overruled the defendant's motion and ordered that the trial should proceed. The defendant now claims that when the court below sustained his motion for a continuance, the case wholly passed beyond the jurisdiction of the court for that term, and that the court below could do nothing more with the case during that term; and therefore that all proceedings had after that time were erroneous and void, and should be set aside by this court. We think the defendant is mistaken. Possibly it would have been better if the court had required the county attorney to elect whether he would admit the testimony or not, before the court announced its decision. But still we do not think that the action of the court in sustaining the motion of the defendant for a continuance removed the case beyond the jurisdiction of the court for that term. The sustaining and the overruling of the motion for a continuance were all done at substantially the same time, and nothing intervened between the two except the agreement of the county attorney to admit the testimony embodied in the defendant's affidavit for a continuance. The final overruling of the defendant's motion for a continuance placed the case back for trial at just where it was prior to the hearing of the motion, except that after the hearing of the motion the defendant had the right to introduce in evidence his alleged testimony of the alleged absent witnesses, which right he did not have before.

V. The jury found the defendant guilty of robbery in the first degree, as before stated, and the court below, without making any further finding, rendered a judgment sentencing

the defendant to imprisonment in the penitentiary for a term of ten years. The defendant now claims that as the court below did not make any finding of its own adjudging that the defendant was guilty, that the judgment rendered merely upon the verdict of the jury is a nullity, and should be set aside by this court. In this we think the defendant is mistaken. The finding of the jury was sufficient of itself to authorize the court to render the judgment it did, without making any additional finding of its own.

The judgment of the court below will be affirmed.

All the Justices concurring.