## DEFEE v. SMITH.

1. NOTES AND BILLS: *Draft on particular fund: Conditional acceptance.*

Kendrick delivered to Smith the following draft:

"Mr. John M. Defee:

"Please pay to J. G. Smith the sum of four hundred and fifty dollars, amount due me for carrying the mail from Camden to El Dorado for the last quarter of 1880."

R. S. KENDRICK."

Defee accepted the draft for payment as soon as he could get a settlement of his accounts with the Government for the same service.   In a suit on the acceptance, HELD: 1st, That the draft was not on a particular fund, but absolute and unconditional. 2nd, Both parties were bound by the conditional acceptance, and the condition being performed, the acceptor must pay the draft.

Defee v. Smith.

APPEAL from *Union* Circuit Court.
Hon. C. E. MITCHELL Circuit Judge..

*H. G. Bunn*, for appellant.

The instrument is not a bill of exchange, but a mere certificate of indebtedness from appellee to the drawer. 11 *Ark.*, 314. It was drawn on a particular fund. 16 *Ark.*, 494. The acceptance was contingent and the contingency might never happen. The most that could be said of the order and acceptance is, that an action for money had and received might be maintained. 14 *Ark.*, 389 ; 5 *Ark.*, 401. The acceptance was for an uncertain and undetermined amount ; and for this reason a mere accommodation and without consideration, &c.

*G. W. Williams* and *W. H. Langford* for appellee.

The instrument has all the requisites of a bill of exchange. It is not drawn on a particular fund. It is an absolute order to pay with a direction to the drawee to reimburse himself out of a designated fund. *McLeod v. Snee*, 2 *Stra.*, 762 ; *Dan. on Neg. Inst.*, 43 ; 51 *Me.*, 433 ; 6 *Tex.*, 229 ; 6 *Mich.*, 326 ; 34 *Mich.*, 29 ; 33 *Ind.*, 511 ; 23 *Mich.*, 260 ; 33 *Ib.*, 32 ; 64 *Me.*, 37 ; 4 *A. & E.*, 786 ; 122 *Mass.*, 74 ; 5 *Duer*, 207 ; 33 *Ark.*, 37 ; 6 *Cush. (Mass.)*, 6, &c.

The instruments in 11 *Ark.*, 314 ; 14 *Ark.*, 389 ; 16 *Ib.*, 594, and 5 *Ib.*, 401, were not bills of exchange, and these cases not applicable.

2. The complaint alleges that the bill was accepted ; this was admitted, by the demurrer, to be true.

NOTES AND BILLS. Draft on particular fund. Acceptance. SMITH, J. The payee sued the drawee upon his alleged acceptance of the following draft :

"EL DORADO, Ark., Jan'y 13, '81.

MR. JOHN M. DEFEE,

Will please pay to J. G. Smith the sum of four hun-

dred and fifty dollars, am't due me for mail service for carrying the mail from Camden to El Dorado and from Camden to Hampton for the last quarter of 1880.

R. S. KENDRICK."

The complaint alleged that the draft had been presented to the defendant on the 29th of January, 1881, and that he then accepted in writing the same for payment as soon as he could get a settlement of his accounts with the Government for the same service, provided there were no deductions on account of Kendrick's failure to carry the mail on said routes ; that said account had been settled and the defendant had received his pay for said quarter before the institution of the suit and without any diminution of the amount for any delinquency of Kendrick.

It was further alleged that the defendant had retained the draft and refused to return it after demand therefor, or to pay its contents. To this complaint a demurrer was overruled and the defendant saying nothing further, final judgment went against him.

It is insisted that the order sued on was not a bill of exchange at all, being drawn upon a particular fund. The reference in the draft to the "amount due" the drawer "for mail service," is merely an indication to the drawee how to reimburse himself or to show to what account it should be charged. Such a statement as to a particular fund does not vitiate the bill. This was decided as long ago as the case *McLeod v. Snee*, 2 *Stra.*, 762; *S. C. 2 Ld., Raym*, 1481, where the instrument requested the drawee to pay a certain sum, "as my quarterly half pay to be due from 24th of June to 27th of September next, by advance."

In *Redman v. Adams*, 51 *Me.*, 433, where the bill said, "and charge the same against whatever may be due me

for my share of fish," it was held that payment was not limited to the proceeds of the fish. And in *Wells v. Brigham*, 6 *Cush.*, 6, the form of the instrument was—Mr. Brigham, Dear Sir: You will please pay Elisha Wells $30, which is due me for the two-horse wagon bought last spring and this may be your receipt." Shaw, C. J., delivering the opinion of the court, said: "The parties are all specially named, the drawer, the drawee and the payee. The draft is payable at a time fixed, to-wit, on demand; on no contingency or condition, but absolutely, for a sum certain, out of no special fund, but by the drawee generally. The fact that the draft indicates a debt due to the drawer as the consideration between drawer and drawee does not make it the less a cash order or draft." See also 1 *Daniel Neg. Inst.. Sec.* 51 *2nd Ed.*

It is further insisted that the acceptance was for an uncertain amount and was nothing more in effect than an undertaking on the part of the defendant to withhold payment of his undetermined indebtedness to Kendrick, in order to pay it over to the plaintiff. Sec. 554 of Gantt's Digest enacts that every person upon whom a bill of exchange is drawn and to whom the same may be delivered for acceptance, who shall refuse within twenty-four hours after such delivery, or within such time as the holder may allow, to return the bill to the holder, shall be deemed to have accepted the same.

But no special importance is attached to this statute in the present case. According to the pleadings, the acceptor has made, and the holder of the bill has taken, a conditional or qualified acceptance, and both parties are bound by it. 1 *Daniel Neg. Instr., Secs,* 508–9, 515, *et seq.*; *Story on Bills, Secs.* 239, 240.

The complaint alleges, and the demurrer admits, the performance of the condition.

Affirmed.