C. H. KILMER, *as Administrator of the estate of Minerva Wilkinson, deceased*, v. THE ST. LOUIS, FORT SCOTT & WICHITA RAILROAD COMPANY.

CONTINUANCE—*Due Diligence—Nature of Affidavit.* A party asking for a continuance on account of absent evidence must show that he has been sufficiently diligent in his efforts to obtain it. What his efforts were must be set forth in his affidavit, and from the facts thus detailed the court must decide whether he has used due diligence. It is not enough that the party sets forth that he made diligent inquiry, without either stating how, where or of whom he inquired.

*Error from Greenwood District Court.*

THE opinion states the case. Trial at the December Term, 1884, and judgment for the defendant *Railroad Company*. The plaintiff brings the case here.

*T. L. Davis*, for plaintiff in error.

*Richards & Benton*, for defendant in error.

Opinion by HOLT, C.: There is but a single question for consideration in this case: Whether the district court erred in overruling the motion for a continuance, made by plaintiff in error. The facts in the case are briefly these: On the 10th day of September, 1884, Minerva Wilkinson saved the life of her widowed sister's child, two years of age, snatching it from the track of defendant's railroad in front of one of its locomotives. As she caught the child, she was struck by the engine in the left temple and instantly killed. She left her husband and five children. An administrator of her estate was appointed, not her husband; action was brought and the case was at issue for the first time at the December term, 1884, of the district court of Greenwood county. It met in that county on the 7th day of December; this cause was tried on the 17th of the same month. The affidavit for a continuance states facts that would have been material and relevant on the trial of the cause; the only question is, whether the plaintiff

used sufficient diligence in attempting to procure the testimony of the absent witness, William Wilkinson, the husband of Minerva Wilkinson.

Ordinarily the question of sustaining or overruling a motion for a continuance lies largely in the discretion of the trial court, and when it sustains the motion for a continuance, its decision, unless it is manifest that there is an abuse of discretion, will be upheld. This rule does not have the same force when the motion is overruled, and the parties are compelled to go to trial at once; yet it is a fact then, that the trial judge, knowing all the circumstances surrounding a case, can properly exercise a wide discretion, and is often justified in compelling the parties to immediately proceed to trial.

In his affidavit plaintiff states that the absent witness was the husband of the woman killed; that for three years he had been living four miles west of Eureka, the county seat, and continued to reside at said place after the death of his wife up to about the last of November, 1884, and up to within nine days of the beginning of the then present term of court; that said witness had frequently promised the plaintiff that he would certainly be present at the trial to testify as a witness for the plaintiff, and that nothing but sickness or death would prevent him from doing so; that plaintiff knew nothing of said witness's (Wilkinson's) intention to leave, did not know that he had gone until the fifth day of December, and did not know where he was; that he made diligent inquiry and every effort to find out the whereabouts of the witness since he left, but he was unable to ascertain anything about it. There is no statement as to where or how plaintiff inquired, or what efforts he made. The fact that Wilkinson with five children lived only four miles from Eureka, would indicate that every effort and diligent inquiry would have led plaintiff to go to his usual place of residence and to his neighbors. Plaintiff could ordinarily have ascertained from some one of the five children of witness the whereabouts of their father, or if they had left home with him, he could have ascertained from some of the neighbors in what manner they left, the place of their destina-

tion, and the probable length of their absence. None of these facts are set forth. It is simply stated that plaintiff's efforts to procure the witness by diligent inquiry and by every means in his power were useless, without attempting to detail what he actually did, but simply stating the conclusion that he drew himself. If he had set forth the details of his inquiry, the court might not have considered it diligence, and his efforts entirely misdirected and inadequate. It is to be remembered that this witness was the husband of the woman who was killed, and that his interest in the action must have been as great as that of any other person — certainly as that of the plaintiff, who was appointed administrator of the estate of the deceased woman. Having such interest, and leaving the short time that he did before the action, has much to do with our sustaining the ruling of the court below.

There is no showing that the whereabouts of the witness could have been ascertained, or that he could be procured as a witness at the next term of court, or that his deposition could be taken, except the bare assertion in the affidavit of plaintiff that he had every reason to believe he could procure his evidence at the next term of court. He failed to set forth a single fact upon which he could rest his belief. It seems strange that a party interested in the result of an action as this witness must have been, left just before the commencement of the term of court at which it would probably be tried. The fact that a subpena was issued on the tenth day of December for the witness, if the plaintiff knew that he was out of the county, was made as a mere matter of form, that it might be stated in an affidavit for a continuance as proof of diligence. It is not very strong evidence of diligence to issue a subpena for a witness if he is known to be out of the county at that time, and no probability of his being in the county before or at the trial of the cause. Proper diligence would have been to have made inquiries where such inquiries would probably have been answered, and where some clue to the whereabouts of the absent witness could have been found, or some reason ascertained for his strange departure.

Although it appears from the record here, that it would have been no error to have granted a continuance, yet we cannot say that the court below abused its discretion in compelling the plaintiff to go to trial.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.