## MAX LAMONT v. GEO. A. WILLIAMS.

1. REPLEVIN — *Affidavit* — *Damages.* An action for the recovery of personal property may be maintained although no affidavit in replevin is filed. The action can proceed as one for damages.

2. AFFIDAVIT, *When Immaterial.* When the property sought to be recovered is not taken by the writ, or not delivered to the plaintiff by virtue thereof, it is immaterial after judgment, whether there was an affidavit in replevin or not.

3. CONTINUANCE — *Order Revoked* — *Jurisdiction, Not Lost.* When the court of its own motion makes an order continuing all cases undisposed of until the next regular term, and in a few minutes thereafter announces that the order will be set aside, and that such cases will be for trial during the following week, the jurisdiction and control of the court over such cases for that term is not lost by the first order.

*Error from Pratt District Court.*

THE facts are stated in the opinion. Judgment for plaintiff *Williams*, at the January term, 1888. Defendant *Lamont* brings the case here.

*R. F. McGrew*, for plaintiff in error.

*Noffsinger & Carskadon*, for defendant in error.

Opinion by SIMPSON, C.: This action was commenced by Geo. A. Williams in the district court of Pratt county on the 19th day of November, 1887, against the sheriff of Pratt county, to recover possession of a general stock of merchandise in the town of Preston, in said county, that was in the custody of the sheriff by reason of attachment proceedings against one Matthew Williams, at the suit of several wholesale merchants. Geo. A. Williams is the son of Matthew Williams, and claims to be a purchaser for value of the stock of merchandise attached. There was a trial by a jury and a verdict and judgment in favor of Geo. A. Williams for the return of the property, or its value, assessed at $1,000, and for $180 damages for its detention. A motion for a new trial was overruled. The sheriff brings the case here for re-

view, and alleges several errors, the principal one being the overruling of his motion to quash the writ of replevin because "there was no affidavit in said action upon which to base said writ." The case-made filed in this court does not contain any affidavit as required by § 177 of the civil code. The trial court certifies that the case-made contains a correct transcript of all the pleadings, records, proceedings, etc. A motion was made in this court to send the case back to the trial judge for correction. It was asserted that the affidavit in replevin that was in the case-made at the time it was served for amendment, also the second clause of a motion to set aside the writ of replevin because there was no affidavit, are not now in the case-made, and consequently are not a part of the record. The trial judge has no power over the case-made after it is certified, (*Lewis v. Linscott*, 37 Kas. 379, and authorities cited therein,) and we cannot grant this motion. These controversies about the contents of cases-made are not creditable to the attorneys, and would rarely occur if that degree of care and examination would be bestowed upon them at the time of their settlement that ordinary prudence demands. It is primarily the duty of the attorney of the plaintiff in error, in the preparation of a complete case-made, to insert therein. all the file papers, the journal entries and all the evidence, or, if this is not necessary to the determination of the questions to be reviewed in this court, so much thereof as is essential for that purpose. After its service on the attorney of the defendant in error, it becomes his duty to carefully examine it, and if in his opinion it does not contain all that is required, to suggest amendments thereto and return the case-made with his suggestions. It is equally the duty of both attorneys to be present at the time and place of settlement, if due notice has been given thereof, to see that the case-made contains all the essential requisites before it is settled and signed by the trial judge. If these various duties are faithfully performed there can be no reasonable cause for contention about the correctness of a case-made, except in cases wherein it is alleged that changes have been made after the settlement. This court

has no power to change a case-made in any respect. We may disregard manifest clerical errors, (*Edmonds v. Beals*, 27 Kas. 657,) or may disregard the certificate of a trial judge, when it is shown to be intentionally false. (*M. K. & T. Rly. Co. v. City of Fort Scott*, 15 Kas. 435.) It may be possible that a case might arise in which there was such a conclusive showing that the case-made had been so changed after its settlement, that such gross injustice would result from a record so constituted, that this court would decline to consider it. In this particular case the contention is about an entirely immaterial matter, and we shall pay no attention to it.

One of the principal errors complained of was the overruling of a motion to set aside the writ of replevin, because there was no affidavit in replevin. As this was provisional, and the plaintiff in the action did not get the property by virtue of the writ of replevin, it becomes entirely immaterial after judgment. Even if the writ of replevin never issued, the action could proceed as one for damages. An action in replevin may be maintained under our code without a seizure of property at some time before the final determination of the suit, and therefore without an affidavit. (*Hoisington v. Armstrong*, 22 Kas. 110; *Wilson v. Fuller*, 9 id. 177; *Ward v. Masterson*, 10 id. 77.)

In the case of *Batchelor v. Walburn*, 23 Kas. 733, BREWER, J., speaking for the court and construing § 176 of the code, says:

"The plaintiff *may*, not *must*, and he *may*, at the commencement, or at any time before, answer. The action exists, or may exist, before the order. The section recognizes the action, and says certain things may be done in it. It nowhere provides that a failure to take the order abates the action, or that defendant may prevent a recovery by showing that plaintiff has not availed himself of all the privileges which the statute has given. The order for the delivery is ancillary. It is like an order of injunction, which may be the final judgment, or a provisional remedy. (Code, § 237.) In replevin, the judgment may be for the possession, or the value thereof in case a delivery cannot be had. (Code, § 185.) And delivery may be enforced after judgment by attachment, as for

a contempt. (Code, § 188.) It would be a strange omission if such action could not be maintained — in many cases a gross denial of justice."

It is evident from all these cases that, even if there was no affidavit in replevin in this particular case, the error overrul ing the motion to set aside the order of replevin for that rea son is now, after judgment, and probably before, an immaterial one. In any event, it probably could only affect a question of costs. It could not abate the action; this is not only ex pressly decided, but clearly demonstrated.

The next error seriously urged for reversal is, overruling a motion for continuance. On Saturday, the 14th day of January, 1888, during the regular term of the Pratt county district court, an order was made continuing this case, with all others, until the April term. This order was made by the judge on his own motion. In a few minutes thereafter the court announced that the orders for continuance made previously in all such cases would be set aside, and the cases tried during the following week. And on the 17th day of January following, the court caused an order to be entered on the journal setting aside the orders for continuance heretofore made. To this latter order, the plaintiff in error excepted. This order also assigned this case for trial on the 18th day of January. The case was not reached for trial in regular order until the 20th day of January. On the 19th day of January the plaintiff in error filed his motion for a continu ance. On this statement the plaintiff in error claims that by the order of continuance made by the court on Saturday, the 14th, the case was off the docket for that term, and passed out of the control of the court and could not be reinstated.

In the case of *Gray v. Ulrich*, 8 Kas. 112, a continuance was granted by consent of the parties, but afterward during the term, on application of one of the parties, in the absence of the other, the continuance was set aside, and the case heard. The court, commenting on some other errors, says:

"Ordinarily, too, it is improper after a case has been con tinued to set aside the continuance and dispose of the case in

36 — 43 KAS.

the absence of one party, and on the application and in favor of the other. A record thus scarred is not comely to look upon. However, if these were the only errors we should probably be constrained to let the judgment stand, until at least application had been made to the court in which it was rendered to vacate it."

This is a much stronger case than the one we are considering. Here the order of continuance was only in existence a few minutes, was made by the court on its own motion, and changed by the court. The case was not tried or disposed of in the absence of either of the parties to the action.

In the case of *The State v. Plowman*, 28 Kas. 569, a criminal case in which the defendant was charged with robbery, a continuance was ordered by the court on the motion of the defendant. Shortly after this, the order of continuance was set aside and the case tried. Substantially the same claim was urged for reversal in that case as in this. It was said that when the court made the order for continuance the case wholly passed beyond the jurisdiction of the court for that term. This was denied by this court, and the conviction and judgment affirmed. The trial judge makes a statement respecting this continuance, and incorporates it in the case-made; but it is not material except in his statement that he ordered the order of continuance set aside within a very few minutes after it was made. We have grave doubts whether, under any fair construction of the motion for a new trial filed in this case, this alleged error was called to the attention and passed upon by the trial court; but we have considered it, and do not think it is a sufficient cause for reversal. This brings us to the consideration of the sufficiency of the affidavit for a continuance; and it so manifestly falls within many of the reasons given in the cases of *Kilmer v. Ft. S. & W. Rld. Co.*, 37 Kas. 84, and *Board of Regents v. Linscott*, 30 id. 240, and is especially so largely in the discretion of the trial court, that its ruling will not be held to be erroneous.

Finally, it is insisted as causes for reversal, that the amount of damages is excessive, and that there is error in the assess-

ment of the value of the property taken.    These are questions peculiarly within the province of a jury to determine; and as to the first, there is some evidence to sustain it; and as to the second, the jury decided between the value as stated by the defendant in error and the amount as stated by him that was realized by the sheriff's sale.    The plaintiff below had the right to recover the market value of the goods at the time they were taken from his possession by the sheriff on the attachment levies.    His statement was that the goods were of the value of $1,400.    On his cross-examination he stated that the goods seized were afterward sold by the sheriff for the sum of $642.12.    On these statements the jury returned in their verdict the value at $1,000, this sum being a fair average between the two methods of valuation, and probably nearer correct than either of the others.    The amount cannot be considered excessive, under the evidence, and the verdict was approved by the trial court.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.