## FLETCHER *v.* SIMMS.

### Opinion delivered April 22, 1905.

BILL—ACCEPTANCE—PAROL EVIDENCE TO VARY CONTRACT.—Where an acceptance of a bill of exchange was "with the understanding that lumber to the value of the above must be on the switch before same is paid," the drawee's liability is fixed by proof that the drawer placed lumber on the switch of value equal to the amount of the bill, and it is no defense that the drawee did not owe the drawer anything at the time the bill fell due.

Appeal from Saline Circuit Court.

ALEXANDER M. DUFFIE, Judge.

Affirmed

STATEMENT BY THE COURT.

This case was begun in the Saline Circuit Court by appellee bringing suit against appellant on two orders for $200 each, executed by appellee, Simms, and conditionally accepted by appellant.

Said orders, with the acceptance, were as follows:

"March 12, 1902.

"R. M. Fletcher, Benton, Ark.:

"Dear Sir—Please pay to Dr. A. J. Graham, on April 15, 1902, two hundred (200) dollars, and charge to my account.

"Yours truly,

"J. H. SIMMS.

"Accepted with the understanding that lumber to the value of the above must be on sw. before same is paid.

"R. M. FLETCHER."

The other order and acceptance is the same as the foregoing, except it was payable April 1, 1902. Appellees claim that said orders were given for supplies furnished Simms by Graham at the request of appellant.

Appellant (defendant in the court below) answered said complaint, denying that he ever agreed to become responsible to Graham for supplies furnished to Simms. He admitted that he signed the acceptance in the form as above set forth, but claimed that it was agreed and understood between himself and Graham at the time the said acceptance was signed that said acceptance meant that he (Fletcher) was to pay said Graham said orders on said dates provided he (Fletcher) should owe Simms on said dates for lumber on switch to the amount of said orders, and stated as a defense that on said dates he was not due Simms anything for lumber delivered on switch, and that he was never due Simms anything for lumber delivered on switch from the day said orders were accepted up to the date of this suit, and for that reason was not liable on the same.

On behalf of appellees there was testimony tending to show that Graham furnished to Simms, upon the orders, supplies amounting to over $400, and that Simms put lumber on the switch of value equal to or even greater than the supplies furnished.

On behalf of appellant, the court permitted evidence to go to the jury tending to show that he gave the orders with the understanding that if he owed Simms anything for lumber on the switch at the time the orders became due, then he was to pay the amount on the orders; but, if nothing was due Simms, nothing was to be paid on the orders. The court also permitted evidence tending to show that at the time the orders were due appellant was not indebted to Simms, but, on the contrary, that Simms was indebted to appellant for amount paid to hands for labor in producing the lumber, etc.

The appellant, in instructions 3, 5 and 6, asked the court to instruct the jury in regard to the phase of the case developed by the evidence of Fletcher, but the court refused to do so, and then proceeded to instruct the jury on its own motion as follows: "You are instructed that if any amount of lumber was delivered by Simms on switch before April 1, 1902, then the plaintiff was entitled to recover of defendant the value of the same (not exceeding $200) on such order, and if you find that any lumber was delivered on switch between the 1st and 16th days of April, 1902, then the plaintiff is entitled to recover of the defendant the value of the same (not exceeding $200) on the second order."

The verdict and judgment were for $251.79.

*J. W. Westbrook* and *E. B. Kinsworthy,* for appellant.

Contemporaneous parol testimony is admissible when its effect is not to change the language used by the parties or to vary its terms, but to place the court in the same position as the parties. 13 Ark. 112; 23 Ark. 9; 54 Ark. 99; 21 Ark. 100; 27 Ark. 510; 1 Green. Ev. § § 295, 277, 288, 303; 64 N. Y. 461; 69 Mo. 539; 143 Mass. 462. The order was a commercial guaranty, and should be so construed. 7 Peters, 122; 10 Peters, 403; 1 How. 186; 31 N. Y. Sup. 590. It was proper to ascertain the intention of the parties from the facts that induced the execution. Bradner, Ev. 273; 35 Ark. 156; 40 Ark. 237; 28 Ark. 282; 4 Ark. 179; 8 Wall. 1; Taylor, Ev. § 1109. The evidence of Fletcher was admissible. 3 S. W. 689; 13 N. Y. 569; 1 How. 169. The jury should have been properly instructed along the line of the evidence of Fletcher. 11 Am. & Eng. Enc.

Law, 253; 21 Minn. 442; 151 Mass. 412; 29 W. Va. 462; 79 Ia. 428; 78 Ala. 331; 80 Ill. 51; 24 Mo. App. 407; 101 Ala. 676; 38 Mo. 213; 35 Neb. 247; 35 W. Va. 337. Instructions should be framed with reference to the facts in evidence. 52 Mo. 524; 39 Miss. 147; 34 U. S. 292; 44 Mo. 91. The appellant's theory of the case should have been submitted to the jury under proper instructions. 68 Ark. 107; 52 Ark. 45; 37 Ark. 333; 30 Ark. 383; 50 Ark. 545; 39 Ark. 491.

*Mehaffy & Armistead,* for appellees.

WOOD, J., (after stating the facts.) The court correctly charged the jury. The written contract was clear in meaning, and its construction was for the court. The court properly construed it. To have permitted the jury to give effect to the contention of appellant would have been to ignore the plain words of the written contract, and to alter its terms. The acceptance of the orders was based upon only one condition, namely: "that lumber to the value of the above must be on the switch." The contention and testimony of Fletcher added other conditions. The condition expressed called for proof as to the value of the lumber on the switch between the date of the order and the time for its payment. The testimony of appellant showed that this amounted to $251.75, and the verdict was rendered accordingly.

Affirm.