## CRUTCHFIELD v. MARTIN.

No. 724.    Opinion Filed January 10, 1911.

1. **CONTINUANCE—Application—Showing of Diligence.** In an application for continuance it is not sufficient to allege that due diligence has been used. The facts constituting the due diligence must be set forth, in order that the court may determine whether due diligence has been used.

2. **VENUE—Application for Change—Discretion of Court.** The court, by section 4256 of Wilson's Rev. and Ann. Statutes, is vested with the sound discretion, upon showing made therefor by an applicant, to grant or refuse a change of venue; and on appeal, unless it appears there has been an abuse of this discretion, the action of the trial court will not be disturbed.

3. **CONTRACTS—Orders for Money—Conditional Acceptance—Effect.** M. delivered to C. the following order: "Mr. C., please pay to M. the sum of two hundred and two and no-100 dollars out of the money for my land. (signed) Johnson Buford," which was accepted in the following language: "I, C., accept the above order and agree to pay the same to M., provided Johnson Buford makes me a deed to said land when he becomes of age. (signed) C." Held, that C. was bound by the conditional acceptance, and when Buford, on attaining his majority, executed a deed to his land to C., C. must pay the amount of the order or draft.

4. **SAME—Fulfillment of Condition—Conclusiveness Against Acceptor.** The acceptance by C. of the order or draft was an ad-

mission by him of the capacity and authority of the drawer to draw it; and he cannot be heard to say, after the terms of the conditional acceptance have been fulfilled, that the drawer was a minor and upon attaining his majority rescinded the order.

5.    **SAME—Relations of Parties—Rights of Payee.** Upon the fulfillment of the terms of the conditional acceptance. C. became bound as the principal debtor to M., and M., the payee, was not bound to retain mortgaged property or to foreclose a mortgage given to him by the drawer before he could maintain an action against C., the acceptor.

(Syllabus by the Court.)

*Error from Craig County Court; Theo. D. B. Frear, Judge.*

Action by Jasper S. Martin against John H. Crutchfield. Judgment for plaintiff, and defendant brings error. Affirmed.

*Parker & Rider,* for plaintiff in error.

*Dennis H. Wilson* and *Geo. E. McCulloch,* for defendant in error.

HAYES, J.   Defendant in error, plaintiff below, filed his petition in the lower court on the 19th day of December, 1907. In his petition plaintiff alleges for his cause of action that on the 24th day of May, 1907, one Johnson Buford was indebted to him in the sum of $202; and that on said date Buford drew an order evidencing said amount of indebtedness on plaintiff in error, defendant below; and that defendant accepted the order in writing and agreed to pay it when Buford made him a deed to certain land after Buford became of age; that on the 18th day of October, 1907, Buford, being then of age, made, executed, and delivered to defendant a deed to his surplus allotment of land as per the terms of said order; but that defendant has failed and refused and still refuses to pay plaintiff the amount of said order.   The order and the acceptance thereof are made part of the petition, and are as follows:

"Vinita, I. T., May 24, 1907.   Mr. John H. Crutchfield, Please pay to Jasper S. Martin the sum of two hundred and two and no hundredth dollars out of the money for my land. Johnson Buford." "I, John H. Crutchfield, accept the above order and agree to pay same to Jasper S. Martin, provided Johnson

Buford makes me a deed to his land when he becomes of age. John H. Crutchfield."

· Upon the foregoing facts, which constitute substantially the allegations of the petition, plaintiff prayed for judgment against defendant in the sum of $202, with interest at 6 per cent. from October 8, 1907. There are some allegations in the petition, the substance of which is not set out above, which, taken alone, would indicate that plaintiff was bringing suit for conversion of a specific fund; but the court below and all the parties appear in that court to have treated the petition and action as one upon the contract made by the acceptance of the order; and we shall so treat it in the proceeding here.

Defendant filed his answer containing five different paragraphs. In the first paragraph he admits the execution of the order and the acceptance thereof as set forth in the petition. By the second paragraph he alleges that at the time the order was executed and accepted there was outstanding between defendant and Buford an agreement whereby defendant was to purchase the surplus allotment of Buford, and Buford was to execute to him a deed therefor as soon as Buford, who was then a minor, should become of age. This agreement between him and Buford and all the terms thereof were well known to the plaintiff at the time the order was executed and the acceptance thereof was made. He alleges that there was then outstanding deeds for said land which had been executed by Buford to other parties than defendant, and which deeds, outstanding, were voidable on the part of Buford, because of the fact that they were executed during his minority; but that they constituted a cloud upon the title to the land to be conveyed to defendant, all of which facts he alleges were known by plaintiff. By way of further allegation, he admits that on the 8th day of October, 1907, said Buford did execute and deliver to him his deed for the lands as stated in the petition, but he alleges that the deed was insufficient to convey a full and perfect title, because of the outstanding deeds executed by Buford during minority, and further alleges "that by reason of said outstanding deeds

so executed by the said Johnson Buford, during his minority as aforesaid, and the knowledge thereof on the part of plaintiff, as aforesaid, this defendant believed at the time of giving said acceptance that this plaintiff understood the conditions on which said order was accepted to be that the said Johnson Buford should make to this defendant a deed conveying to this defendant a full and perfect title to said land before the condition of said acceptance should be fulfilled and any liability arise thereon in favor of this plaintiff and against this defendant." He alleges that said condition has not been complied with by Buford, and that the outstanding deeds are still in existence and of record. By the third paragraph of his answer, he alleges that the deed executed by Buford to him is a warranty deed and contains an express covenant on the part of Buford to warrant and defend the title therein conveyed; that by reason of the outstanding deeds a breach of this covenant exists; whereby defendant has been damaged in a sum in excess of the amount of plaintiff's claim sued on, and prays that he be allowed to set off a counterclaim against plaintiff to the full amount of the order by reason of said damages. By the fourth paragraph he alleges that at the time the order was executed by Buford and accepted by defendant, Buford was a minor, and for that reason the order was voidable and subject to the right of disaffirmance by Buford after he attained his majority; and that Buford did, after attaining his majority, to wit, on the 8th day of October, 1907, at the time he executed his deed to defendant, disaffirm said order; and denies that he, defendant, retained from the purchase price agreed to be paid to Buford the sum of $202 or any other sum for plaintiff, but that he paid to Buford the full amount of the purchase price. By the fifth paragraph he alleges that plaintiff holds a mortgage from Buford to him covering certain property, sufficient to secure the payment of Buford's indebtedness to plaintiff; and that if plaintiff does not make the amount of his claim out of the property covered by the mortgage, it will be because of plaintiff's negligence in permitting the property described in the mortgage to pass from the control of plaintiff; and,

by way of cross-petition, prays that, in the event plaintiff prevails, that he be subrogated to all the rights of plaintiff under and by virtue of said mortgage; and that plaintiff be compelled to account to the court for all moneys received by him under said mortgage; and that defendant have credit therefor for whatever judgment may be rendered against him; and, further, that defendant have credit against plaintiff in the nature of damages for any loss or impairment in the security of said mortgage that has arisen through the negligence of plaintiff.

To this answer plaintiff filed a demurrer, by which he demurred to each paragraph thereof, except one; and the demurrer was sustained as to the second and third paragraphs, but overruled as to the others. Whereupon plaintiff filed his reply, in which he denies that Buford ever disaffirmed the order; and, by way of reply to the fifth paragraph, denies that he ever took any security for the payment of the debt for which the order was given. Thereafter, upon motion for a judgment on the pleadings, judgment was rendered in favor of plaintiff, to reverse which this proceeding is prosecuted.

There was a motion for continuance by defendant, the overruling of which is the first error assigned for reversal of the cause. The grounds of the motion were that certain witnesses who would testify on behalf of defendant and who resided fifteen or twenty miles from the place of holding court were absent, and if they were present they would give testimony material to defendant's defense, which evidence was set out in the motion; and it was further alleged "that the defendant has used due diligence to get the attendance of these witnesses at the trial of this cause at this time and has been unable to do so, and he believes he can obtain them by the next term of this court."

It is not an abuse of discretion to overrule an application for continuance on account of absent evidence, where no diligence is shown to have been used by the applicant to procure the attendance of absent witnesses (*Terrapin v. Barker*, 26 Okla. 93, 109 Pac. 931); and the mere statement in the application that diligence has

been used, without setting forth the facts constituting such dili-. gence, is not such a showing of diligence as entitles the applicant to the exercise of the court's discretion in his favor. Defendant should have set out in his motion in detail all the facts pertaining to his efforts and diligence to obtain the presence of the absent witnesses at the trial; in order that the court might decide therefrom whether he had used due diligence. *Kilmer v. St. L., Ft. S. & W. Ry. Co.,* 37 Kan. 84; *Struthers v. Fuller,* 45 Kan. 735.

Defendant also filed a motion for a change of venue to another county, upon the ground of bias and prejudice of the county judge, which was overruled. The facts set up in the motion as evidence of such bias are as follows:

"That said bias and prejudice on the part of said county judge of Craig county was exhibited by said judge when he stated to counsel for defendant on the streets in the afternoon that this cause would be tried, and that a motion for continuance on the part of defendant would be overruled, and that defendant had just as well get ready for trial, as the case would certainly be tried this evening, the said motion for continuance not having been presented to the judge."

He bases his alleged right for a change of venue upon section 4256 of Wilson's Rev. & Ann. Statutes, which reads as follows:

"In all cases in which it shall be made to appear to the court that a fair and impartial trial cannot be had in the county where the suit is pending, or when the judge is interested or has been of counsel in the case or subject-matter thereof, or is related to either of the parties, or is otherwise disqualified to sit, the court may, on application of either party, change the place of trial to some county where such objection does not exist."

This contention presents two questions: First, Did the foregoing section apply to probate courts before the admission of the state; if so, was it extended in force in the state and made applicable to county courts as the successors of said probate courts since the admission of the state? And, second, Are the facts presented in the application sufficient to show an abuse of judicial discretion in overruling the application? If we assume that said section 4256 does apply to proceedings in county courts, which we

Vol. 27—49

do, without so deciding, still we think that the second question must be decided against the contention of defendant, and no reversible error was committed in overruling the application. The provision of the foregoing statute for a change of venue is not imperative or mandatory, but vests the court with the sound discretion, upon a showing made therefor by the applicant, to grant or refuse a change of venue; and the action of the court on such an application will not be disturbed on appeal, unless it appears to this court that there has been an abuse of such discretion by the court below. *Horton v. Haynes et al.*, 23 Okla. 878; *State ex rel. v. Brown*, 24 Okla. 433. The only facts set up in the motion for the purpose of showing bias and prejudice are those quoted above. While we cannot commend the act of the judge in stating to counsel off the bench and before the motion for continuance had been presented that the same would be overruled as being entirely in harmony with judicial ethics or to be followed in general practice, we cannot say upon that fact alone, under the record in this case, that the trial court was biased or prejudiced so that defendant could not obtain an impartial trial. The application for change of venue does not state that the statement of the judge referred to was made before he was acquainted with the contents of the motion for a change of venue, but the record does disclose that this cause had been set for trial once before; that it had been continued upon agreement of the parties that it should be tried on the date on which it was tried; and, so far as it appears from this record, the trial court, at the time he made the statement complained of, may have been entirely acquainted with all the facts set forth in the motion for continuance thereafter presented; and the statement made by him to counsel may have been made not from any wrong motive, but to warn counsel to be ready for the trial when the case was called in the afternoon, in order that he might not be taken by surprise; for, as we have hereinbefore decided, the motion for continuance was without merit. Whatever may have been the motive and object of the court in making the statement to counsel, it is suffi-

cient that from such fact alone as the only evidence of the judge's bias, we cannot say that there was any abuse of discretion in overruling the application.

Nor did the court commit error in sustaining the special demurrer to the second and third paragraphs of the answer; for, by the second paragraph, not only does defendant attempt to vary the plain terms of the written contract between him and plaintiff by alleged contemporaneous parol agreement, but this alleged defense is further weakened by the fact that he does not allege that it was agreed that, before he should pay the order, 'the outstanding voidable deeds should be canceled; but he alleges that *he believed* at the time he accepted the order that plaintiff understood such to be the condition, and, so believing, he accepted the order.

In the third paragraph he attempts to set up equities between him and the drawer of the order which arose after the fulfillment of the terms of the acceptance by reason of alleged breaches of the warranty deed executed by the drawer of the order. Defendant by accepting the order, conditioned only upon the execution to him by the drawer of the order of his deed to certain land, thereby created a contract between him and plaintiff, in which he was the principal and not a surety, whereby he bound himself as principal to pay the order in the event the condition stipulated in the acceptance was fulfilled; and there is no ambiguity in the terms of this acceptance as to the condition, so far as any issue in this case is concerned. The acceptance is not plain as to the identical land for which the deed is to be given, but there is no controversy here that the deed given did not convey the land agreed upon. When the drawer executed and delivered to defendant a deed which in its terms was acceptable to him, and he accepted same, the condition of his acceptance thereby became fulfilled and defendant bound upon his contract to pay the amount of the order to plaintiff. *Defee v. Smith*, 43 Ark. 221; *Fletcher v. Simms*, 75 Ark. 162.

Nor do the matters alleged in the fourth paragraph of his answer constitute any defense to the action; for, by acceptance of the order, defendant admitted the capacity and authority of Bu-

ford to draw it, and he cannot now be heard to say that Buford was without legal capacity to draw the order because of his minority. Randolph on Commercial Paper, § 631.

The fifth paragraph also fails to state a valid defense. It is not alleged therein that, by the forclosure of any mortgage or sale of any mortgaged property, defendant's obligation to plaintiff had, by the direction of Buford, been discharged in whole or in part; but it seeks to compel plaintiff to exhaust alleged collateral security before seeking his remedy upon the contract between him and defendant. The acceptor is bound absolutely by his acceptance and becomes the principal debtor, and as such is primarily liable to the payee, and the holder is not required to sue the drawer or endorsers on default of the acceptor, but may look entirely to his contract with the acceptor. *Wilson et al. v. Isabell,* 45 Ala. 142; *Anderson v. Anderson,* 34 Ky. 352; *Diversy v. Moor,* 22 Ill. 330. Nor is the holder under any duty to retain or hold collateral security. *Fowler v. Gates City,* 88 Ga. 29. The answer, taken as a whole, admits the execution of the order, its acceptance, the fulfillment of the condition of the acceptance, and that the same had been paid by defendant, and fails to state any facts constituting a defense. The court did not, therefore, err in rendering judgment upon the pleadings.

The judgment of the trial court is affirmed.

All the Justices concur.