## SCHULTE v. KEOKUK COUNTY.

**Intoxicating Liquors:** PROSECUTION: SEVERAL COUNTS IN ONE INFORMATION: ATTORNEY'S FEES. An attorney selected by a peace officer, for appearing before a justice of the peace and prosecuting a defendant for the unlawful sale of intoxicating liquors, is entitled to only five dollars, under section 3829 of the Code, no matter how many distinct offenses, stated in as many counts, are charged in the information upon which the prosecution is based. (Compare Code, sec. 1540.)

*Appeal from Keokuk District Court.*—HON. W. R. LEWIS, Judge.

FILED, MARCH 12, 1888.

ACTION to recover attorney's fees for appearing and prosecuting a person charged with the unlawful sale of intoxicating liquors. A demurrer to the petition was sustained, and judgment rendered against plaintiff for costs. Plaintiff appeals.

*A. G. Schulte, pro se.*

No appearance for appellee.

ROBINSON, J.—The amount involved being less than one hundred dollars, the trial judge certified that the opinion of this court is desirable on the following question: "Under the Code of Iowa, is an attorney selected by a peace officer to prosecute an information of twelve counts, each count charging a separate and distinct sale of intoxicating liquors to different persons, entitled to a fee of five dollars for each count prosecuted to judgment?" The selection in question was made in March, 1886. The plaintiff was allowed five dollars for the services rendered, but claims sixty dollars, for the reason that twelve counts were involved in the prosecution, all

of which were prosecuted to final judgment. We think the question certified must be answered in the negative. It involves the construction of that portion of section 3829 of the Code which reads as follows: "Any attorney selected by a peace officer for appearing and prosecuting before a justice of the peace a prosecution for selling intoxicating liquors, five dollars." Section 1540 of the Code permits any number of violations of its provisions by the same party to be alleged in a single information or indictment, but requires that each violation be charged in a separate count, and that a separate judgment be entered on each count on which a verdict of guilty is rendered. It is contended by appellant that under these provisions the proceeding as to each count constitutes a prosecution within the meaning of section 3829. A prosecution is "the means adopted to bring a supposed offender to justice and punishment by due course of law." Bouv. Law Dict. It is also defined to be "the institution or commencement and continuance of a criminal suit; the process of exhibiting formal charges against an offender before a legal tribunal, and pursuing them to final judgment on behalf of the state or government, as by indictment or information." Burrill, Law Dict. Under these definitions, the number of offenses charged in a single information or indictment is immaterial. Proceedings under the information or indictment constitute but a single prosecution, and the statute allows but one fee for one prosecution. Although several offenses may be charged in one information, there is but one trial. Our conclusion is sustained by section 1540, which provides that convictions of several offenses charged by a single information together constitute but one conviction within the meaning of that section. We therefore conclude that the district court did not err in sustaining the demurrer.

AFFIRMED.