# Michael W. Ryan v. People, etc., for use of Frank J. Degan.

1. , EVIDENCE—*Recitals in a Motion for a New Trial.*—The recitals in a motion for a new trial are not evidence.
2. SAME—*Recitals in Bonds.*—The recitals in a guardian's bond makes other proof of the guardian's appointment unnecessary.
3. SAME—*Orders of Probate Court Conclusive upon Sureties.*—An order of the Probate Court, made upon the final account of a guardian finding the amount due to his wards, etc., is conclusive upon the sureties of such guardian, except for fraud or mistake.
4. PLEADING—*Where Pleas are Surplusage.*—Where, in action of debt upon a guardian's bond, issue is accepted upon pleas of *non est factum* and *nil debet*, and no other form of pleading will entitle him to recover without proving the affirmative on these issues, all other pleas and replications are surplusage.
5. CONTINUANCE—*Upon Filing Additional Pleas.*—In an action of debt upon a bond leave was given the plaintiff to file a replication to a plea of special performance theretofore filed. The defendant moved for a continuance and offered to make and file an affidavit that by reason of filing such replication he was unprepared, etc., but did not do so; *held*, no question arises upon such an offer. The act, not the offer, is what is required by the statute.
6. ASSIGNMENT OF ERRORS—*A Personal Right.*—A defendant who appeals from a judgment can not assign errors for a co-defendant who does not appeal.

Debt, on a guardian's bond. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed February 11, 1896.

CHYTRAUS & DENEEN and W. S. YOUNG, attorneys for appellant.

CASE, HOGAN & CASE, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

It appears that this case was on a short cause calendar of the Circuit Court, and a trial attempted June 17, 1895, but the trial went off under an order setting it for trial on the short cause calendar for June 24, 1895.

Then on July 9, 1895, which was not one of the days set apart for the hearing of cases upon the short cause calendar, the cause was called for trial, and the appellant moved to strike said cause from the trial call for that day, assigning, among other reasons, which relate only to the cause being called upon a short cause calendar, of which there is no evidence in the record:

" 3. That said cause having lost its place upon the short cause calendar, and never having been replaced upon the regular trial calendar, it could not properly be called for trial, no cause having been shown for the trial of said case out of its proper order.

" 4. That said cause having been called for trial at the June term, 1895, of said court, and then continued, it could not properly again be called for trial at the same term of court.

" 5. That said cause was not at issue, no replication to the third plea of said defendant Ryan to the amended declaration herein having been filed."

1. Whether the cause had been replaced upon the regular trial calendar or not, does not appear, and reciting in the motion that it had not been, is no evidence.

2. The cause had not been continued over the term which runs from the third Monday of one month to the Saturday next before the third Monday of the succeeding month.

3. The last reason is no reason. Issue was accepted by the appellee upon *non est factum* and *nil debet* by the appellant, and no form of other pleading would entitle the appellees to recover without proving the affirmative on these issues. All other pleas and replications were useless verbiage.

To a special plea of performance before filed, the court permitted the appellee then to file a replication, whereupon the appellant moved for a continuance and offered to make and file an affidavit that by reason of filing such replication he was unprepared, etc., but did not do so. No question arises on such an offer. The act, not an offer, is what is required by the statutes. Sec. 26, Practice.

Neither the proof required of the appellee, nor the evidence admissible for the appellant, were affected by that useless plea and what followed it. We treat it all as surplusage.

The action was debt upon a guardian's bond.

After a great deal of skirmishing as to the absence of the original bond, a copy was read without any objection shown by the abstract.

Whether secondary evidence of the bond was admissible, is not now a question before us.

The recital in the bond made other proof of the appointment of the guardian unnecessary. Blackburn v. Bell, 91 Ill. 434.

The only question which apparently touches the merits of the case, is whether proof was made of the cause of action alleged.

The breach of the bond assigned was " that ' divers moneys and profits from the personal estate of said Frank J. Degan, amounting to five thousand dollars, came to the hands of said Joseph Goergen as such guardian,' and that he converted and disposed of same to his own use." (Quoted from abstract.)

The only proof of that breach was an entry on the record of the Probate Court, as follows :

" In the matter of the guardianship of Frank J. Degan, minor. It appearing to the court that upon the presentation of a final account of the guardian in the above entitled matter that there is due said ward the sum of $1,071.51, together with the sum of $120 accrued interest, and it further appearing that said Joseph Goergen, the guardian of said ward, is insolvent, it is therefore ordered and decreed that the said ward, Frank J. Degan, being now of lawful age, be authorized to commence legal proceedings against the said guardian, and his sureties on his bond as guardian, to collect said money which may be due him from his said guardian and his sureties on account of the failure of said guardian to account for the money due his ward. It further appearing to the court that the guardian has failed to pay his ward the sum of money above mentioned within one

day, in accordance with the order of the court heretofore entered in this cause."

To the introduction of that entry the appellants did not except, only saying:

"We object to that for the reason stated, that the account and report are not put in to substantiate the adjudication."

After the evidence was all in, the appellant moved the court to exclude the evidence, and also to instruct the jury to find for the appellant—both motions for the reason that the evidence was variant from and did not support the declaration, and also in a motion for a new trial assigned as a ground that the verdict was not supported by the law or the evidence.

The order before copied, of the Probate Court, is conclusive upon the appellant—surety on the guardian's bond— except for fraud or mistake. Gillett v. Wiley, 126 Ill. 310.

The amount of the liability was thereby fixed, and it could have arisen only from moneys and profits from personal estate, so that in legal effect there was no variance.

The hiatus in the order as to whom the money was due from is filled by the context.

On the whole case, justice seems to have been done, and without error as to the appellant. As to his co-defendants they are not here to complain, and he can not assign errors for them. Richards v. Greene, 78 Ill. 525.

The judgment is affirmed.