Niehoff v. People.

66   669
171s 243
66   669
d92  ¹568

Conrad L. Niehoff et al. v. People, etc., for use of, etc., and Frank J. Degan.

1. AMENDMENT—*Notice not Required.*—The parties to a suit are bound to take notice of amendments and no actual notice is required.

2. CONTINUANCE—*Clerk's Entries not Conclusive.*—Where the clerk's record showed a cause "continued," *held*, that reference might be made to bill of exceptions, to prove that the clerk's entry did not include the whole order, but should have contained words showing that the continuance was not over the term, but to a later day in the term.

**Assumpsit,** on the common counts with additional count in debt. Error to the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 19, 1896.

CHYTRAUS & DENEEN and WM. S. YOUNG, attorneys for plaintiffs in error.

CASE & HOGAN, attorneys for defendants in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The brief of the plaintiffs in error very forcibly sets out the evils of the practice in this State, permitting steps to be taken in a pending cause, without notice—a practice which we can not reform.

This suit was originally commenced as an action in assumpsit upon the common counts. Next an additional count was in debt upon a guardian's bond. Next a default entered of defendants Niehoff and Goerner--the real name being Goergen, and the same day leave granted to withdraw the common counts. Then pleas by defendant Ryan. Then a trial between the People and Ryan by a jury sworn to try the issues in the cause, and verdict for the People, on which judgment was entered.

Ryan appealed alone to this court, at the last October term, and the judgment was affirmed; but that is not pleaded here now, and we only refer to the report, (62 Ill. App. 355,) to avoid repeating what there appears.

Assuming that Niehoff and Goergen were bound to take notice of the amendments—for which see, among many cases, Cairo and St. L. R. R. v. Holbrook, 72 Ill. 419, Mass. Mut. Life Ins. Co. v. Kellogg, 82 Ill. 614, and Vahle v. Brackenseik, 145 Ill. 231, the whole argument of the brief of the plaintiffs in error is answered, except upon one point. A bill of exceptions of Ryan, which is in this record, shows that a trial of the cause was commenced as to Ryan on the 17th day of June, 1895, but a juror was withdrawn, and the cause set for trial on the 24th of the same month. A jury was in fact impaneled on the 9th of the next month, and a

verdict rendered on the 10th. The clerk, in writing up his record as of June 18, 1895, entered that the jury was "discharged from rendering a verdict herein, and this cause continued." It is quite clear that the clerk in writing "continued," did not put in the whole order, but should have added words showing that the continuance was not over the term, but to a later day in the term. McKee v. Ludwig 30 Ill. 28, cited by the plaintiffs in error, is therefore not in point.

The brief contains some strictures upon "short cause calendar," but it does not appear that the cause was tried out of its proper place upon a regular calendar.

The judgment is affirmed.