## North Chicago St. R. R. Co. v. Mary A. Hutchinson.

1. PRACTICE—*Submitting the Pleadings to the Jury.*—There is no statute in this State requiring the declaration to be submitted to the jury when they retire, and where there is nothing in the record to show that it was taken by the jury when they retired to consider of their verdict, there is no ground for the presumption that it was submitted to them.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed December 20, 1900.

JOHN A. ROSE and LOUIS BOISOT, JR., attorneys for appellant; W. W. GURLEY, of counsel.

FRANCIS J. WOOLLEY, attorney for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Appellee recovered a judgment against appellant in case for a personal injury, to reverse which this appeal is

prosecuted. Appellant's counsel, in their argument, rely solely on alleged errors of law. The court, on behalf of appellee, gave this instruction :

1. " The court instructs the jury that if they find from the evidence that the plaintiff has made out her case by a preponderance of the evidence, as laid in her declaration or any single count thereof, then the jury should find for the plaintiff."

At the conclusion of the evidence and before any instruction had been given to the jury, the appellee's attorney, by leave of the court and in the presence of the jury, dismissed as to the second and third counts of the declaration. This left two counts in the declaration, the first and the fourth. The objection of counsel is that the instruction left the jury to find for appellee, provided that in the opinion of the jury she had made out a case under either of the dismissed counts. We can not concur in this view. When the instruction was given, the dismissed counts were, in law, as if they had never been included in the declaration, and the court expressly instructed the jury that there could be no recovery on either the second or third counts. There is nothing in the record to show that the declaration was taken by the jury when they retired to consider of their verdict. There is no statute requiring the declaration to be submitted to the jury when they so retire, and there is no ground for the presumption that it was submitted to them.

Grand Tower M. & T. Co. v. Ullman, 89 Ill. 244, and U. S. R. S. Co. v. Chadwick, 35 Ill. App. 474, cited by appellant's counsel, are not in point, and we can not, in the present case, act on the presumption indulged in, in Niehoff v. The People, 66 Ill. App. 669. A declaration drafted in technical language, consisting of several counts, each of which, as required by a rule of pleading, purports to state a cause of action different from that stated in any other count, while in reality all the counts, although differing in language, are for the same cause of action, tends to confuse the jury rather than aid them in ascertaining the plaintiff's claim. When necessary for the jury to be in-

formed specifically of the plaintiff's claim before they retire
to the jury room, the better practice, as we think, is to so
inform them by an instruction in plain language, free from
technicalities, which can be readily understood by an intel-
ligent layman. If the instruction is faulty, as urged,
appellant participated in the fault. Its twenty-fourth in-
struction states certain propositions which the plaintiff
must prove in order to recover, one of which is, " That the
defendant company was guilty of negligence as charged
in the declaration, or some count thereof." Consolidated
Coal Co. v. Haenni, 146 Ill. 614.

The third instruction given at appellee's request is as
follows:

3. " If from the preponderance of the evidence and
under the instructions of the court, the jury find the defend-
ant guilty, then in assessing the plaintiff's damages, if any,
shown by the evidence, the jury should take into considera-
tion the extent and nature of the injury, if any, shown by
the evidence, suffered by her as a direct and natural result
of the accident in question, as shown by the evidence, the
pain and suffering, if any, shown by the evidence, present
and future, which the jury may believe from the evidence
the plaintiff has sustained or will hereafter sustain as a
direct and natural result and consequence of such injury;
the duration of such injury, and any permanent disability
caused plaintiff as a direct and natural result and conse-
quence of such injury, if any, shown by the evidence; also
any loss of health or strength, if any, which the jury may
believe from the evidence, the plaintiff has sustained as a
direct and natural result and consequence of such injury, if
any, shown by the evidence, and in general all such dam-
ages alleged in the declaration as the plaintiff has sustained,
if any, shown by the evidence, as a direct and natural
result of the injury, so far as any of the above mentioned
elements of damage, if any, may have been shown by a pre-
ponderance of the evidence; and thereby the jury will
determine what sum will be a fair and just compensation
for such injury."

The objection urged to this instruction is that it is broad
enough to allow damages for future mental suffering. The
word " mental " is not used in the instruction, and the
instruction is not obnoxious to the criticisms of counsel.

The jury, by the instruction, were limited in the assessment of damages to the consideration of such pain and suffering as the plaintiff had sustained or might sustain "as a direct and natural result and consequence of such injury." An instruction substantially similar as to past suffering, except that it contained the word "mental," was approved in I. C. R. R. Co. v. Cole, 165 Ill. 334.

Appellant requested the court by instruction 26 to instruct the jury that appellee could not recover on the second count of the declaration, and to find appellant not guilty on that count, and also requested the court to give a similar instruction, numbered 26, as to the third count. The court refused to give instruction 26, but modified and gave instruction 25, as follows:

25. "The court instructs the jury that under the law and the evidence in this case, the plaintiff can not recover on the second and third counts of her declaration, the plaintiff having dismissed as to them. These counts charged in substance and effect that the door of the car was in such faulty and defective condition that the plaintiff was unable to enter the car through the said door, and that for said reason the plaintiff was compelled to stand upon the platform and thus be exposed to danger."

The objection made to this instruction is that it does not state the substance of the second count, but only that of the third, and is therefore calculated to mislead the jury into basing their verdict on the dismissed second count.

In the second count it is averred, in substance, that the defendant negligently failed to provide the plaintiff with a reasonably safe position on the car, and negligently suffered her to be left standing in a dangerous position on the open platform of the car, from which, by defendant's negligence, she was thrown to the street. It is shown by appellee's own testimony that the reason she was compelled to stand on the platform of the car was that the door stuck and could not be readily opened, and no other reason appears in the evidence for appellee's failure to enter the car. In view of this evidence, the dismissal of the counts in open court in the presence of the jury, and the instruction to the jury

that there could be no recovery on either of the second or third counts, we can not think that the jury could have been misled by the instruction.

Lastly, counsel for appellant object to the refusal of appellant's 28th, 32d and 33d instructions. There was no error in refusing any of these instructions. Instruction 28 referred to a supposed instruction to find the defendant not guilty on some count of the declaration. There was no such instruction. Instructions 32 and 33 were substantially included in other instructions given.

The judgment will be affirmed.