Slack v. Harris.

---

### Charles H. Slack v. Abraham L. Harris.

<span style="float:right">101    527<br>a200s    96</span>

1. VERDICT—*When the Judgment Based upon It Will Be Affirmed.*— When the court can not say from the evidence and the circumstances shown, that the conclusion of the jury is so manifestly against the weight of the evidence as to justify this court in setting it aside, the judgment based upon it will be affirmed.

2. SAME—*When Founded upon Circumstantial Evidence Alone.*—

A verdict may be well founded upon circumstantial evidence alone, and circumstances often lead to conclusions more satisfactory than direct evidence can produce.

3. EVIDENCE—*No Distinction Between Direct and Circumstantial Evidence.*—The law makes no distinction between the direct evidence of a fact and evidence of circumstances from which the existence of such fact may be inferred.

4. SAME—*Of the Condition of Machinery Immediately After an Accident, Admissible.*—Evidence of the condition of a passenger elevator immediately after an accident to it, where there is nothing in the proofs already adduced to show that a change in its condition had occurred or might have occurred between the accident and the time when the witness examined it, is properly admitted.

5. INSTRUCTIONS—*To be Read in Connection with the Others Given in the Case.*—An instruction is to be read in connection with all the other instructions given in the case, and must be understood in reference to the state of the case before the court.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed April 18, 1902.

A. B. MELVILLE, attorney for appellant.

FRANCIS J. WOOLLEY, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This is a suit to recover damages claimed to have been received by the appellee while in the service of appellant as a passenger elevator operator.

The declaration consisted, originally, of three counts, the first one of which was drawn on the theory that the engineer employed by the appellant, and under whose orders plaintiff worked, was an unskillful, ignorant and incompetent man, but said first count containing this allegation was withdrawn, and the case was tried on the theory propounded by the second and third counts.

It was averred in said second and third counts that the elevator was run by electric power and machinery, located on the top of the building, which was intended to be controlled by means of a lever operated by an elevator man from the inside of the elevator. The negligence charged in the second count is:

"The defendant then and there carelessly and negligently failed to use reasonable care to have the said elevator in reasonably safe condition for the plaintiff to control the same as aforesaid, but on the contrary permitted the said elevator to be in such defective condition that it was not controllable by lever, although by the use of due diligence defendant could easily have known of the said defective condition of the said elevator and could easily have remedied the said defects before the injury to plaintiff hereinafter described."

The third count averred that the elevator was in charge of an engineer employed by the defendant, and that the plaintiff was subject to the orders of the engineer and under obligations to obey his directions; that the said engineer removed certain appliances from the machinery so that it became dangerous to operate the elevator by means of the lever, of all of which the plaintiff was ignorant. And the negligence charged is that the defendant, by his certain servants in that behalf, "then and there, while said machinery was in the said dangerous condition, carelessly and negligently ordered and directed the plaintiff to be upon the said elevator and to operate the same by means of the said lever; whereby, while the plaintiff was with all due care and diligence upon the said elevator and attempting to operate and control the same by means of the said lever in obedience to the said orders of the defendant, the said elevator, by reason of the dangerous condition of the said machinery hereinbefore set forth, became uncontrollable, so that the plaintiff could not control the same by means of the said lever; and thereby the said elevator rose with great rapidity and struck with great force and violence against the upper part of the works of the said elevator machinery; and thereby the plaintiff was thrown out of the said elevator with great force and violence to the floor of the said building there, and was thereby greatly hurt, bruised, wounded and injured, as hereinafter set forth."

The evidence on behalf of appellee tended to show that the elevator car had not been stopping even with the floors of the different stories, and that the engineer went up in the

elevator to the motor room to attempt to remedy the difficulty; that in going up he carried with him a monkey wrench and an oil can; that upon getting up there he told the plaintiff to run the car up and down and stop at each floor; that the plaintiff ran the elevator up and down several times but that it still failed to stop even with the floors; that the plaintiff then went up to the sixth floor and reported to the engineer and asked if he should continue to receive passengers, and was told to go on down again and try it, which he did, without any better results than before; and that while so engaged the elevator began to rise at a high speed and to continue to rise without the possibility of controlling it, until it struck the roof, and the plaintiff was precipitated out of the elevator, some seven feet, to the floor of the top story, inflicting upon him the injuries he sued to recover for.

On the part of the defendant, the engineer testified, in substance, that he did not touch any of the machinery or appliances in connection with the elevator, except to oil them, and that at the time he was employed about the machinery he did not take or have with him a monkey-wrench, such as the plaintiff's testimony tended to show he took and had with him, or any other thing than an oil can; and the evidence tended to show that the elevator, being a new one, all the machinery in connection with it was subject to being repaired only by the builders thereof, and that the engineer had no right to regulate or meddle with the machinery, and that the engineer gave no orders to the plaintiff about running the elevator up and down the shaft while he was engaged in oiling. There is no dispute that the plaintiff was subject to the orders of the engineer and obliged to obey his directions.

It would seem, therefore, that what was done by the engineer to the machinery, and his orders to the plaintiff in operating the elevator, were questions of fact, to be settled by the jury, under the evidence; and we can not say, from the evidence and the circumstances shown, that the conclusion of the jury was so manifestly opposed to the

weight of the evidence as to justify us in setting aside their verdict.

But it is argued that the positive evidence of the engineer that he did not touch the machinery can not be overcome by expert opinion, or circumstantial evidence.

It is not disputed that it appeared by the evidence concerning the condition of the machinery immediately after the accident, that the adjustments of the brake and automatic stop had become changed, so as to allow the elevator to rise as high as the roof in the manner it did. But it is insisted that the positive testimony of the engineer that he did not in any manner touch or interfere with the machinery, can not be overcome by evidence of a purely circumstantial kind; that the result might have been occasioned by the jamming of the elevator into the drum and other machinery, and after the electric shock thus occasioned had injured the machinery itself, and that because thereof there is no certain manner of accounting for the accident. In Greenleaf on Evidence, Sec. 13a, it is said, in speaking of the degrees of circumstantial evidence:

" Circumstantial evidence is of two kinds: namely, certain, or that from which the conclusion in question necessarily follows, and uncertain, or that from which the conclusion in question does not necessarily follow, but is probable only, and is obtained by process of reasoning. * * * In civil cases it is sufficient if the evidence, on the whole, agrees with and supports the hypothesis which it is adduced to prove. * * * In both cases (civil and criminal) a verdict may well be founded on circumstances alone; and these often lead to a conclusion far more satisfactory than direct evidence can produce." Cited and quoted with approval in Carlton v. People, 150 Ill. 187.

So, in 3 Jones on Evidence, Sec. 901, it is said:

" But the rule that positive testimony is of greater weight than negative (or circumstantial) has some important exceptions, and it should never come in conflict with the general rule that the weight of the testimony should be left to the jury; such testimony is admissible, and together with corroborating circumstances may outweigh positive testimony; * * * It is misleading to declare that either is, in a legal sense, inferior to the other."

Again it is said, in Underhill on Crim. Ev., Sec. 6:

"The law makes no distinction between direct evidence of a fact and evidence of circumstances from which the existence of a fact may be inferred."

It was a question for the jury to decide from all the evidence, and we can not hold in accordance with the contention of appellant. As was said in McGregor v. Reid, Murdoch & Co., 178 Ill. 464:

"The credibility of the witnesses, the weight of the testimony, the drawing of inferences of fact from facts proved, were all questions of fact for the jury to pass upon, and not for the court to decide. Thus it appeared that the safety device was out of order from the fact (in connection with the testimony of Jallings) that the elevator fell."

It is claimed by appellant that it was error for the court to admit evidence of the condition of the elevator machinery immediately after the accident. But we think not, there being nothing in the evidence to show that a change in its condition occurred, or might have occurred, between the accident and the time the witnesses examined the machinery. St. Louis, Peoria and Northern Ry. Co. v. Dorsey, 189 Ill. 251; City of Bloomington v. Osterle, 139 Ill. 120.

The fifth of appellee's given instructions is claimed to be erroneous, because it refers to the negligence of defendant, "alleged and proved in this case," without excepting the first count of the declaration, that had been withdrawn.

The third instruction given in behalf of appellee expressly limited the consideration of the jury to the second and third counts of the declaration, and there was no opportunity for the jury to be misled into the belief that they might consider a count that had been withdrawn.

And, moreover, the appellant committed the same mistake, if mistake there was, in his eighth and nineteenth instructions. But there was no material error committed. North Chicago Street Railroad Company v. Hutchinson, 191 Ill. 104, affirming same case in 92 Ill. App. 567; Central Ry. Company v. Bannister, 195 Ill. 48. The instruction must be read in connection with all the others, and must be

understood in reference to the state of the case then before the court.    Martin v. People, 13 Ill. 341–2.

We do not observe that what is argued of the other instructions, either given or refused, requires more of us than to say the action of the court concerning them was not erroneous.

There seems to be no substantial error in the record, and the judgment is affirmed.