City of Chicago v. Taub, 150 Ill. App. 611.

## City of Chicago, Plaintiff in Error, v. Bear Taub, Defendant in Error.

### Gen. No. 14,500.

ORDINANCES—*what not violation of, prohibiting purchase of traction transfers.* Held, that the purchase of a transfer without an actual attempt to use it was not a violation of the ordinance in question in this case.

Error to the Municipal Court of Chicago; the Hon. ISADORE H. HIMES, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed October 25, 1909.

EDWIN H. CASSELS and SYMMES & KIRKLAND, for plaintiff in error; EDWARD J. BRUNDAGE and JOHN A. ROSE, of counsel.

No appearance for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a writ of error to the Municipal Court of Chicago, seeking to reverse a judgment of that court finding the defendant in error not guilty of the offense with which he is charged and discharging him from custody.

The offense charged is a violation of section 1500 A of the Revised Municipal Code of Chicago, which is as follows:

"It shall be unlawful for any person to sell, barter or exchange for any consideration whatsoever any street railway transfer ticket or other instrument issued by any person or corporation operating any street railway within the city giving, or purporting to give, to the holder of such transfer ticket or other instrument the right to transfer, without the payment of additional fare, from one car to another car on the same line or route, or from one line or route to the car or cars operated upon another line or route; or for any person to give away any such transfer ticket or other instrument as aforesaid to another for the purpose of

enabling, or with intent to enable, the latter to use or offer the same for passage upon any street railway car or cars; or for any person not lawfully entitled thereto who shall receive any such transfer ticket or other instrument as aforesaid to use, or attempt to use, or offer the same for passage upon any street railway car or cars. Provided, however, that this section shall not relate to nor in any manner affect the issuing and giving of transfer tickets or other instruments as aforesaid by the agents or employee of any street railway to passengers thereof lawfully entitled thereto.

Any person violating any of the provisions hereof shall be fined not less than five dollars nor more than one hunderd dollars for each offense.''

There is evidence tending to show that the defendant was employed at the Auditorium Hotel in Chicago; that on the evening of his arrest he approached a newsstand at the corner of Halsted and Twelfth streets, which was kept by a man named Openheim; that he gave Openheim two cents and received in return a transfer ticket issued by the Chicago Union Traction Company or its receivers, which would have enabled its bearer to ride either north or south on the Halsted street line of said Company and to transfer from that line to any cross line cars going eastward. Defendant having received the transfer started along Halsted street, upon which were run the Halsted street cars of said Company. The time was a little after five o'clock P. M., and the transfer ticket, which was introduced in evidence, was good until twenty minutes after six o'clock P. M. for a ride north or south on said Halsted street cars and for a transfer from that line eastward. Before he could get on the Halsted street car the defendant was arrested by a police officer, and when asked for the transfer denied that he had one and dropped it on the ground, where it was picked up by the officer. The defendant stated that he was in a hurry to get to his work at the Auditorium, where it is said he was employed as a waiter. The transfer in question, as the evidence tends to show, had been issued by the Chicago Union Traction Company upon an

east-bound 12th street car, and had then come into the possession of Openheim, who was in the business of selling papers on the corner of Halsted and Twelfth streets, where defendant procured the transfer from him. Openheim was also arrested.

At the close of the evidence for plaintiff the court, on motion of defendant's attorney, discharged the defendant on the ground that the evidence failed to show that any attempt to actually use the transfer had been made or that defendant obtained it for the purpose of using it; that while such may have been the defendant's intention and "it might have been running in his mind," that there was no evidence of such intention.

It is contended on behalf of plaintiff that the purchase by defendant of the transfer for a valuable consideration, the fact that he went along Halsted street with it where he was in position to take a car upon which the transfer would entitle him to ride and so reach his place of work at the Auditorium, with all the surrounding circumstances in evidence, furnished sufficient proof of an attempt to use the transfer ticket for passage and an intent to do so; and that the Municipal Court erred in discharging the defendant. With this contention we are unable to agree. The court is of opinion that there must be an actual "attempt to use or offer the same (the transfer ticket) for passage upon" a street railway car, and that the evidence does not warrant the conclusion in this case that any such attempt was made; that the defendant had not boarded any car, had not attempted to use the transfer nor attempted to offer the same for passage upon any car; that the mere purchase and receipt of the transfer and proceeding with it along Halsted street did not constitute an attempt to use or offer it for passage upon a street car, and does not necessarily prove an intent to do so. It is said by plaintiff's attorney's "that the only question for the court to decide is whether the proof of the purchase of a transfer for a valuable consideration from one not in the employ of nor having authority from the company issuing the

transfer, without proof that the purchaser actually used the transfer, is sufficient to establish a violation of the ordinance.'' The ordinance provides that not only actual use, but an ''attempt to use or offer the same for passage'' shall constitute a violation.

There is no question as to the validity of the ordinance. It was sustained in City v. Openheim, 229 Ill. 313. It is true also, as said in Greenleaf on Evidence, Sec. 13a, quoted approvingly in Slack v. Harris, 101 Ill. App. 527-531, that in both civil and criminal cases ''a verdict may well be founded on circumstances alone; and these often lead to a conclusion far more satisfactory than direct evidence can produce.'' But the circumstances in a case like the one at bar must be such as have a tendency to prove a violation of the ordinance as it reads, not merely a possibility nor a probability of an intent to so violate it. It is true there may be a difference of opinion as to what evidence sufficiently tends to prove an ''attempt'' to use or offer a transfer ticket for passage (see Wharton's Criminal Law, vol. 1, 9th ed., sec. 181); but the majority of the court are of opinion that the evidence in the case before us does not show such an attempt.

The judgment of the Municipal Court is therefore affirmed.

*Affirmed.*