## SOUTHWESTERN SURETY INS. CO. v. BOARD OF COM'RS OF COAL COUNTY.

No. 9064—Opinion Filed Feb. 3, 1920.

(Syllabus by the Court.)

1. **Appeal and Error—Discretion of Trial Court—Change of Venue.**

Section 4680, Rev. Laws 1910, relating to change of venue, does not require the granting of a change of venue when any particular showing is made therefor, but the court is vested with a sound discretion, upon the showing made by the applicant, to grant or refuse the same, and on appeal, unless it appears to this court that there has been an abuse of such discretion in refusing or granting such motion, the action of the trial court will not be disturbed.

2. **Principal and Surety—Action on Building Contractor's Bond—Evidence of Damages.**

Record examined, and held, that testimony relative to alleged damages occurring by reason of defective construction of roof and inadequate heating facilities was properly admitted under allegations in the petition.

3. **Principal and Surety — Compensated Surety—Obligation.**

Under section 1346, Rev. Laws 1910, a compensated surety cannot invoke the rule of strictissimi juris.

4. **Same—Building Contractor's Bond—Extent of Liability.**

Where, after the construction and completion of a building, a surety with knowledge of such fact executed a bond conditioned to compensate for any and all damages that should occur to said building, occasioned by reason of defect or fault in the workmanship or material used in the construction of said building, such surety is liable under the terms and conditions of said bond, even though changes and alterations were made in the plans and specifications of said building after the original building contract was entered into.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Action by the board of commissioners of Coal county against the Southwestern Surety Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

G. A. Paul, for plaintiff in error.

H. M. Shirley, Co. Atty. of Coal County; and G. T. Ralls, for defendant in error.

BAILEY, J. On the 3rd day of December, 1914, the defendant in error, plaintiff below, filed a petition against the plaintiff in error, defendant below, in the district court of Coal county, for the recovery of $2,500, alleged to be due by reason of the breach of the terms and conditions of a certain bond, executed by plaintiff in error and conditioned for the maintenance and repair of the court house, situated in Coalgate, Oklahoma.

Plaintiff's petition alleges that on the 14th day of August, 1911, the Holmboe Company entered into a certain written contract with the board of county commissioners of Coal county, wherein it was agreed that said Holmboe Company would build and construct a court house in the city of Coalgate, according to certain plans and specifications described in such contract; that among the terms and provisions of such contract was the provision that: "The contract shall furnish guarantee, this guarantee shall cover a period of five years. This guarantee shall be an agreement to repair or replace within 60 days after receiving notice of same, any leaks in roofs, serious defect in foundation, or wall constructions, the clock, plumbing,

and heating"—and that thereafter, on the 30th day of April, 1912, after the building had been constructed and completed, the plaintiff in error executed the bond here sued upon.

Plaintiff further alleges that such work and construction was defective and faulty, specifically describing such defects, and that damages in the sum and amount of $2,500 had accrued by reason of such defective and faulty construction, and prayed judgment for such sum. The defendant answered, generally and specifically denying the material allegations in plaintiff's petition, and as a further defense it was alleged that the board of county commissioners had changed the contract entered into between the parties, and as a result thereof the building was not constructed as provided for by the terms and conditions of the written contract, and by reason thereof defendant was not liable for any defects occurring in the building. The cause was tried to a jury, resulting in a verdict in favor of plaintiff, and from the judgment rendered thereon, the cause is appealed here.

At the time the case was called for trial, motion supported by affidavit was filed by plaintiff in error for a change of venue from Coal county, alleging that the trial of the cause was to be held in the building in dispute; and, second, that the jury would be prejudiced against the defendant, and that it was impossible for the defendant to secure a fair and impartial trial. This motion was overruled, excepted to by plaintiff in error, and such action of the court overruling such motion is assigned as error.

Under the rule announced in numerous decisions of this court, considering section 4680, Rev. Laws 1910, the granting or refusal of an application for a change of venue is addressed to the sound discretion of the trial judge, and while it is true that such discretion cannot be measured and governed by fixed rules, the rulings on such motions must be made according to the rules of equity and the nature of the circumstances presented for the consideration of the court, the true consideration at all times being to advance the ends of justice. We have examined the affidavit filed by the defendant in support of this motion for a change of venue, and after an examination of the entire record in the case, and a consideration of the verdict rendered, we fail to note any evidence of passion, prejudice, or bias on the part of the jurors who heard this case. The statutes specifically remove any disqualification by reason of being residents of the county. Insofar as it was contended that the trial

would be held in the very building the construction of which had given occasion to the controversy, it is sufficient to say that it is not infrequent that jurors are permitted to observe objects and places that are the subject of controversy, as a matter of securing and obtaining real and actual facts and conditions. In Crutchfield v. Martin, 27 Okla. 764, 117 Pac. 194, it is held:

"The court is vested with the sound discretion upon showing made therefor by an applicant, to grant or refuse a change of venue; and on appeal, unless it appears there has been an abuse of this discretion, the action of the trial court will not be disturbed." Horton v. Haines, 23 Okla. 878, 102 Pac. 121.

The court did not err in overruling motion for change of venue.

It is next contended that the court erred in admitting incompetent, irrelevant, and immaterial testimony relating to certain elements of damages growing out of the alleged defective construction of the roof and of the inadequacy of the heating system placed in the building. This contention appears to be predicated upon the misapprehension that such elements of damage were not properly pleaded. It is sufficient to call attention, however, to paragraphs four and seven of plaintiff's amended petition, wherein it is alleged:

"That the work and material of the roof were faulty and defective, and that the roof leaks and that it will take $250 to repair same."

"That the heating apparatus is in bad repair, and has not sufficient capacity to heat the building properly during even moderately cold weather, and that, by reason of such bad repair and of the inadequate capacity of the plant to furnish heat for the building, the said county of Coal has suffered damages in the sum of nine hundred dollars ($900)."

While it is true that the rule has often been announced that it is error to admit testimony in support of facts not put in issue by the pleadings, the allegations above set forth are clearly sufficient to admit the evidence offered relative to the defective condition of the roof and the inadequate and impaired condition of the heating plant.

It is next contended that the court erred in giving instruction No. 7. That part of the instruction necessary to be considered in connection with this assignment is as follows:

"You are further instructed that it would be immaterial as to any changes made in the original contract if you should find that the bond sued on herein was executed after said changes were made and after the construction of the building."

It is the contention of plaintiff in error that this instruction is. erroneous for the reason that the bond executed by plaintiff in error was to be controlled and governed by the terms and provisions of the contract of August 14, 1911, and that subsequent alterations in the plans and specifications of the court house relieved and discharged the surety. It has been noted, however, that the bond herein sued on was executed and delivered after the completion of the building in question, the material part of said bond being as follows:

"Whereas, the said building is now complete and ready for delivery and acceptance to the board of county commissioners of Coal county, Oklahoma.

"Now, therefore, if the said principal obligor herein shall at any and all times within five (5) years from the date hereof and without any charge, or right of claim of compensation therefor, make and fully complete any and all repair on account of the contract herein mentioned, and fully compensate and indemnify the said board of county commissioners of Coal county, Oklahoma, for any and all damages that shall occur to the said building when such repairs or damages are called. for, occasioned by reason of defect or fault in the workmanship or material used in the construction of said building."

Insofar as the rule of construction applicable to such contracts is concerned, it has been settled by statute as well as decisions of this court that the rule of the common law requiring a strict construction of the obligations of a surety or guarantor or indemnitor shall have no application to the obligations of a surety for hire, but all such obligations shall be liberally construed, in accordance with the rules of the general law applicable to policies of insurance. Columbia Bank & Trust Company v. United States Fidelity & Guaranty Co., 33 Okla. 535, 126 Pac. 556. Plaintiff in error, being a compensated corporate surety, cannot invoke the rule of strictissimi juris. If there be ambiguity or uncertainty in· the terms and provisions of such a contract of indemnity, it will be construed most favorable to the insured. But we do not believe there is uncertainty or ambiguity in the terms and provisions of the bond. If the bond sued on were one providing for the performance of the contract and agreement between the contractor and Coal county, and the principal, without the consent of the surety, changed its material terms, such material alterations might have the effect to discharge the surety, but there is no such condition here. The bond is one executed and delivered after the completion of the building. If material alterations have been made in the original plans

and specifications of the building, they were made at a time when plaintiff in error was not interested in, or concerned with, the manner or method followed in the construction of the building, and when the parties to said original contract had the full legal right and authority to agree upon such changes under a contract that provides that changes could be made under certain conditions prescribed in said contract. It must be presumed that plaintiff in error, if concerned with said original contract as originally drawn, knew that such changes were probable by reason of the terms and provisions in said original contract.

"When the contract for the construction of a building provides that changes in the plans and specifications may be made and a bond is given to secure the performance of the contract, the surety is deemed to consent to any change from the original plans." 5 Elliott, Contracts, page 35.

But surety contracts, like any other written agreements, must have a reasonable and rational interpetation, and while restricting liability to that which is agreed to be undertaken, the courts must also impose the burden of any obligation assumed.

The contractor in the original contract had obligated itself to guarantee its work and material for a period of years, and the words, "make and fully complete any and all repairs on account of the contract heretofore mentioned," we think, could fairly be held to refer to such provision under the obligations imposed thereunder, if such words are to be given any meaning other than as merely descriptive of the obligations existing between the principals to the original contract. In addition to the rule of construction hereinabove referred to, the intention of the parties is to be considered, and with the completed building standing before them with the purpose and obligation to insure against inferior workmanship and material, it is not reasonable to presume that the parties to such contract could have had in mind plans and specifications for the building originally made, when no building conforming to such specifications had been erected. We think the construction placed upon said bond did not violate any of the terms or provisions thereof, and that the court did not err in giving the instruction of which complaint is made.

Finding no reversible error in the proceedings, the judgment of the trial court is affirmed.

OWEN, C. J., and PITCHFORD, McNEILL, and HIGGINS, JJ., concur.